DENNIS *v.* BALL-WARREN COMMISSION COMPANY.

Opinion delivered December 12, 1903.

1.  FRAUDULENT CONVEYANCE—EVIDENCE.—Proof that an insolvent debtor, with intent to defraud his creditors, conveyed a material portion of his property to his father who had notice of such intent, and that thereafter such debtor remained in possession and received and appropriated the rents of such property, sufficiently establishes fraud as against existing creditors.   (Page 61.)

2.  SAME—VOLUNTARY CONVEYANCE.—Where an insolvent debtor purchased land with his own means and procured title to be conveyed to his wife, such conveyance was a fraud upon existing creditors. (Page 61.)

Appeal from Columbia Circuit Court in Chancery.

CHARLES W. SMITH, Judge.

Affirmed.

STATEMENT BY THE COURT.

Appellee filed its complaint in the Columbia circuit court, against A. J. Dennis, J. M. Dennis and D. J. Dennis, alleging that on the 23d day of October, 1893, the defendant, A. J. Dennis, executed a deed to lot 73, block 1, in the town of Magnolia, Arkansas, to his co-defendant, J. M. Dennis, for the consideration of $850, and that on November 28, 1894, he executed a deed to lot 3, block A, in same place, to D. J. Dennis, and that on the 14th day of September, 1893, he purchased another piece of land, and had title made to same by his wife,. Beatrice.   It charges that these conveyances were all made to  delay and defraud the creditors of A. J. Dennis in the collection of their debts, and that the grantees agreed to hold the property secretly for the benefit of A. J. Dennis; that it had obtained judgment against A. J. Dennis, and had execution issued, and that same had been returned

*nulla bona,* and that he had no other property out of which to make this debt; and praying a cancellation of the deeds.

Defendants answered, admitting the execution of the deeds, and the judgment, execution and return, but denying that, at the time of the execution of the deed to J. M. Dennis on October 23, 1893, the property conveyed embraced all of his property subject to execution, or that the conveyances were made to delay or hinder appellee in the collection of its debts, or that the grantees agreed to hold the property for the benefit of A. J. Dennis. They state that, at the time of the transfer to J. M. Dennis by A. J. Dennis, the latter was solvent, and doing a mercantile business in the town of Magnolia; that the consideration expressed therein of $850 was paid to A. J. by J. M. Dennis, and that the sale was absolute and unconditional, and the deed was placed on record at the time of its execution; that A. J. Dennis was the head of a family, and that the property conveyed to D. J. Dennis was his homestead.

Plaintiff afterwards filed an amendment to its complaint, in which it set out more definitely the purchase of the land by A. J. Dennis, and the execution of the deed to his wife, Beatrice. To this, defendant A. J. Dennis filed an answer in which he says that the money used in the purchase of this land was not taken out of his mercantile business, but was derived from the sale of some bank stock; denied all fraud in the transaction; and alleged that the money used in buying this land, together with all of his household goods, was less than $520, and that all of his other personal property had been turned over to plaintiffs.

Beatrice Dennis, one of the grantees, having died leaving an infant child, there was a guardian *ad litem* appointed, who filed an answer denying each and every allegation in the complaint.

All the parties being in court and having fully answered, the court found upon the evidence that the conveyance by A. J. Dennis to J. M. Dennis of lot 73 in block 1 of said town of Magnolia was void; that it was made with the intent to hinder, delay and defraud plaintiff and other creditors of defendant; that at the date of said deed the defendant A. J. Dennis was insolvent, and that a material part of the indebtedness due by the defendant A. J. Dennis to the plaintiff had been contracted prior to the execution of said deed, and that said deed conveyed no title to the

defendant J. M. Dennis, of all which J. M. Dennis had full notice at the time of receiving same, and that the same was null and void as to plaintiff. The court also found that the convey-ance of part of the southwest quarter of the northeast quarter of section 12, township 17 south, range 21 west, to Mrs. Beatrice Dennis was procured to be made by her said husband, A. J. Dennis, who had bought the same with his means, and that Beatrice Dennis paid no part of the purchase price thereof, and that a material part of the debt due by defendant to the plaintiff was contracted before said conveyance to the said Beatrice Den-nis, and that she held the same in trust for said A. J. Dennis; that the aforesaid lot 73 and said piece of land in section 12 were subject to the lien of plaintiff's judgment. A sale of the same for the satisfaction of such judgment was decreed. The court also found that lot 3 in block A of the town of Magnolia was the homestead of A. J. Dennis at the time he conveyed the same to D. J. Dennis, and that there was no fraud on his creditors in the conveyance of the same; it not being subject to the debts of A. J. Dennis. To which judgment and decree the defendant excepted, and appealed to this court.

*Smead & Powell* and *Thornton & Thornton,* for appellants.

Fraud will not be presumed, but must be clearly shown. 1 Story, Eq., § 190; 31 Ark. 556; 9 Ark. 482; Roberts, Fraud. Conv. 12; 116 U. S. 615; 50 Ala. 591; 4 Ark. 356; 38 Ark. 427. The burden of proof is on the one alleging fraud, and it must be made to appear by a fair preponderance of evidence. 22 Pa. St. 179; 52 N. Y. 276; 85 N. Y. 467; 38 Ark. 427; Bradner, Ev. 619, 620. Retaining possession of real estate after sale was not a badge of fraud. 33 Ark. 328; 8 Am. & Eng. Enc. Law, 755, 756. The fraudulent intent, to vitiate a contract, must be mutual. 41 Ark. 316; 32 Ark. 251; 23 Ark. 258; 49 Ark. 22. Appellant had a right to give his wife the property, since he still retained enough to pay his debts. 8 Ark. 470; Bradner, Ev. 358.

*A. S. Killgore* and *Oscar D. Scott,* for appellee.

Since the facts were found by the chancellor against the appellant, and the evidence supports the findings, the judgment

will not be reviewed on the ground of lack of evidence. 44 Ark. 216. The transaction amounted to a gift by Dennis to his wife. 33 Ark. 762. Such a gift is presumptively fraudulent as to existing creditors. 55 Ark. 59; 50 Ark. 42; 55 Ark. 59. Retention of possession by a vendor, after sale of real estate, while not *prima facie* evidence of fraud, may be a fact tending towards the proof of a secret trust. 33 Ark. 328. Transactions between parent and child or husband and wife will be more closely scrutinized than if between strangers. 54 Ala. 565; 5 Ky. Law Rep. 689; 46 Ark. 542.

HUGHES, J. (after stating the facts.) It is a noticeable fact that all three conveyances which were made and procured to be made by A. J. Dennis were made to his relatives—lot 73 to his father, land in section 12 to his wife, and lot 3 to his brother, D. J. Dennis. The testimony tends to show that at the time the conveyances were made the defendant D. J. Dennis was insolvent, and that by reason of these conveyances he had divested himself of all or nearly all of his available property: that after the pretended conveyance of lot 73 to his father he continued in possession of the same, rented it out, and received the rents thereof, and appropriated them; that in making a statement of his condition to the plaintiff he included as part of his assets this lot 73, and valued it at $1,000; that at the time of these conveyances the said A. J. Dennis was largely indebted to the plaintiff, the Ball-Warren Commission Company. The land in section 12 conveyed to his wife was purchased by A. J. Dennis with his individual means, at a time when he was insolvent, and was indebted to the plaintiff. These acts, it seems to us under the circumstances in this case, tend necessarily to import fraud. They are inconsistent with honesty and business. The conveyance to the wife was voluntary, and fraudulent as against his creditors. His insolvent condition, and the fact that he rented lot 73 and was in possession and control of it after his pretended conveyance, pretty clearly indicates fraud. The evidence in this case in our judgment fully sustains the chancellor's finding and decree, which are in all things affirmed.